**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CSI ENTERPRISES, INC., | ) | Case No. 95-11642-JGR |
| ENERGY FUELS, LTD., | ) | Case No. 95-11645-JGR |
| OREN LEE BENTON, | ) | Case No. 95-11648-JGR |
| ENERGY FUELS EXPLORATION COMPANY, | ) | Case No. 95-11649-JGR |
| NUEXCO TRADING CORPORATION, | ) | Case No. 95-11651-JGR |
| ENERGY FUELS MINING JOINT VENTURE, | ) | Case No. 95-19882-JGR |
| | ) | |
| Debtors. | ) | (Jointly Administered Under |
| | ) | Case No. 95-11642-JGR) |

**STATUS REPORT OF LIQUIDATING TRUSTEE**
**As of December 30, 2022**

David J. Beckman, not individually, but as liquidating trustee (the "Liquidating Trustee") of the Benton, CSI, NTC, EFEX, EFL and EFMJV Liquidating Trusts (collectively, the "Trusts"), by and through his undersigned counsel, submits the following semi-annual status report regarding the operations of the Trusts.

### A.   INTRODUCTION

1. On February 26, 2003, the Court entered an order approving a stipulation between the Liquidating Trustee and Welton Investments, LLC ("Welton") requiring the filing of quarterly reports by the Liquidating Trustee with the Court commencing March 31, 2003.

2. The Stipulation provides that the reports are to include a brief narrative of the Trusts' activities since the previous report and an update of projected distributions to holders of Class 4 claims of each Trust.

3. The initial report was filed March 31, 2003. The June 30, 2011 quarterly report constituted the thirtieth quarterly report and the last quarterly report the Liquidating Trustee filed with the Court.

4. On July 13, 2011, the Court entered an order requiring the filing of semi-annual reports (instead of quarterly) by the Liquidating Trustee with the Court commencing on December 30, 2011.

5. The Stipulation provides that the reports are to include whether a further status hearing is needed or otherwise appropriate.

6. This report constitutes the twenty-second semi-annual report the Liquidating Trustee has filed with the Court.

## B. GENERAL MATTERS

7. The Liquidating Trusts have been extended on an interim basis through entry of the final order. The final order will provide (as have previous orders) that the extension is subject to the right of a party to request the time be shortened if circumstances so suggest.

8. The Liquidating Trustee and its counsel believe that there is no need of a status hearing at this time.

## C. BENTON AND NTC LIQUIDATING TRUSTS

9. As has been previously stated in these status reports, the NTC Trust and Benton Trust are effectively being administered jointly because they were jointly liable for several priority claims (which have now all been paid).  As has also been stated previously, it was never anticipated that the Benton Liquidating Trust would make any distribution to the holders of Class 4 Claims.  On May 26, 2015, the Liquidating Trustee filed a Notice of Chapter 11 Final Report and Motion for Final Decree for Oren Lee Benton. There have been no objections to the motion so the Oren Lee Benton case has been closed to further activity.

10. The remaining asset in the NTC Trust primarily consists of a contingent recovery in certain litigation being pursued in Germany by UBS relating to ownership of uranium, which the Liquidating Trustee discusses below.

## D. SALE OF THE ROYALTY INTEREST

11. The sale of the royalty interest in the Skyline mine to IRC Nevada, Inc. ("IRC") closed.  After initially holding the purchase price in escrow for a period of one year from the September 2008 closing, the Liquidating Trustee distributed the majority of the funds related to this sale in November 2009, and distributed the balance of the available proceeds in the following distribution.

## E. FINAL TAX RETURNS

12. The settlement of the Skyline Partners dispute allowed for the closure of 11 entities effective December 2012.  There were approximately 150 entities at the beginning of the case.  From 2014, only four entities remain open from a tax perspective.  These four entities have indirect claims in the German Litigation, as further discussed below, and will remain open until resolution of the German Litigation.

## F.  GERMAN LITIGATION

13.   In a judgment of July 6, 2018, the Karlsruhe Federal High Court (*Bundesgerichtshof*), Germany's highest civil court, dismissed INB's final super-appeal against the previous judgment of the Oldenburg Appellate Court of December 21, 2016, which had confirmed UBS' sole rights to the uranium stored in 14 cylinders of Lot 2 to which INB had laid claim in a protracted battle lasting 23 years before German and European Courts. The judgment is non-appealable/res judicata. UBS is now executing on the judgment.

14.   In the interim the uranium had to be moved to a facility in Pierrelatte France which has added an additional level of complexity to the liquidation of the uranium as now the sale and transfer of ownership need to be effected under French law.  The time table for any liquidation of the uranium is, at this point, uncertain.  While UBS has sole rights to the uranium, Nuexco Exchange AG ("NEAG") is still the holder of record and therefore the party selling the uranium.  NEAG does not know how quickly they will be able to liquidate the uranium because of the intricacies of French Law, and the fact that the bankruptcy proceedings of NEAG are pending in Switzerland. UBS' counsel reports that NEAG is now in discussions with the broker of an interested buyer. The identity of that third party and the terms that are the subject of those discussions are confidential, and have not been disclosed to the Liquidating Trustee.  UBS' counsel is unable to advise the likelihood of those discussions leading to a purchase and sale agreement, and states only that UBS remains confident that NEAG will complete the transaction in "the not too distant future."

15.   At the present time, the Liquidating Trustee continues to estimate approximately a 3.5% recovery for Class 4 creditors from the NTC Trust.  However, as noted above, there are opportunities to improve on this recovery depending on market conditions (as well as the potential for a reduced recovery should market conditions deteriorate).  At this point, while the Trust has yet to be provided any meaningful information related to the expected sale of the uranium (including the price, holding charges over the life of the case, the cost of required processing and containment, or the tax burdens), UBS' counsel has advised they expect the final economics of the sale "would be at a level which would not generate a surplus or backflow to NTC." The Liquidating Trustee will continue to monitor the matter until receiving a final reconciliation of sale proceeds.

16.   Based on the completion of the German litigation, the Trust is moving forward with plans to make final distributions (in all of the remaining cases) in accordance with the POL, as the penultimate step before finally winding down the estates.  The Liquidating Trust will file appropriate related motions as we move towards the final resolution of these cases.

17.   In April 2022, the Liquidating Trustee was notified that a new Administrator had been assigned to the NEAG bankruptcy case in Switzerland. The Trustee has been

in communication with the new Administrator as to the status of the Estate and NEAG's involvement in these proceedings.

### G. CSI LIQUIDATING TRUST

18. The Liquidating Trustee has now distributed all assets which were in the CSI Trust. It has been closed to further activity.

19. The Plan of Reorganization originally estimated a recovery 5% to 11%. The Trustee paid out a total recovery of over 21%.

20. Final federal and state tax returns were filed for tax year 2020 and the beneficiaries received a final grantor letter.

### H. EFEX LIQUIDATING TRUST

21. The remaining asset of the EFEX Trust is a claim of approximately $24 million against the NTC Trust. The EFEX Trust will remain open until the assets in the NTC Trust are fully liquidated.

22. The Liquidating Trustee continues to estimate approximately a 5% total recovery for the EFEX Trust.

### I. EFL LIQUIDATING TRUST

23. The remaining unliquidated asset of the EFL Trust consists of a small Class 4 claim in the EFEX Trust. As is the case with the EFEX Trust, the EFL Trust will need to stay open until distributions are completed from the NTC Trust.

24. The Plan of Reorganization originally estimated a recovery of 16% to 18%. At the present time, the Liquidating Trustee continues to estimate a total recovery of over 21% for Class 4 creditors in the EFL Trust.

### J. EFMJV LIQUIDATING TRUST

25. The Liquidating Trustee closed this Trust and made a distribution to its only Class 4 creditor, British Energy Generation, Ltd. (f/k/a Nuclear Electric) in the amount of $64,188.27.

[*remainder of this page intentionally left blank*]

Dated this 2nd day of February 2023.

                        Respectfully submitted,

                        **BALLARD SPAHR LLP**

                        By: /s/ Andrew J. Petrie
                            Andrew J. Petrie
                        Ballard Spahr LLP
                        1225 17th Street
                        Suite 2300
                        Denver, CO 80202-5596
                        Direct: 303.299.7339
                        Fax: 303.296.3956
                        PetrieA@ballardspahr.com
                        |www.ballardspahr.com

                        **ATTORNEYS FOR THE LIQUIDATING TRUSTEE**